**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DERLESHER EDWARDS and JENNIFER LEAVELL, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:19-cv-2008<br>)<br>) |
| vs. | ) **COMPLAINT**<br>) |
| TOP TIER SAFETY INC., | ) **JURY DEMANDED**<br>) |
| Defendant. | )<br>) |

Now come the Plaintiffs, DERLESHER EDWARDS ("Edwards") and JENNIFER LEAVELL ("Leavell") (collectively referred to herein as "Plaintiffs"), individually and on behalf of all those similarly situated, and for their Class Action Complaint against Defendant, TOP TIER SAFETY INC. ("Defendant"), Plaintiffs allege as follows:

## INTRODUCTION

1. This Complaint challenges systemic illegal employment practices which resulted in violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), Chicago Municipal Code §§ 1-24-010, *et seq.*

2. Plaintiffs allege on information and belief that Defendant acted intentionally and with deliberate indifference and conscious disregard of the rights of its employees in, among other things, failing to pay all regular and overtime wages due, failing to pay wages in a timely fashion, and failing to keep accurate payroll records.

3. Plaintiffs bring this Class Action against Defendant pursuant to Fed. R. Civ. P. 23. All allegations in this Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiffs named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' Illinois state law and Chicago municipal ordinance claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Defendant regularly conducts business throughout this District.

7. The unlawful acts alleged herein have a direct effect on Plaintiffs and other employees similarly situated within this District. Plaintiffs and the putative Class Members have suffered damages and will continue to suffer the same harm as the representative Plaintiffs as a result of both Defendant's wrongful conduct, unless the relief requested herein is granted.

## PARTIES

8. Edwards and Leavell are individuals who were at all relevant times residing in Chicago, Illinois.

9. On information and belief, Defendant is a corporation of the State of Illinois, which operates a private investigation, security guard, and security consulting service throughout the Greater Chicago area, and whose principal place of business is located in Chicago, Illinois.

10. Plaintiffs and Defendant are each "persons" as defined in 29 U.S.C. § 203(a).

11. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d), as, on information and belief, it included people acting directly or indirectly in the interest of an employer in relation to Plaintiffs when they were employees.

12. Defendant is also an "employer" as that term is defined by 820 ILCS 105/3(c), as it is a corporation for which one or more persons were gainfully employed on some day within a calendar year.

13. Defendant is also an "employer" as that term is defined by Chicago Municipal Code § 1-24-010, as it is a corporation who gainfully employs at least one covered employee and maintains a business facility within the geographic boundaries of Chicago, Illinois.

14. At all relevant times, Plaintiffs were both "employees" as that term is defined by 29 U.S.C. § 203(e)(1), as they were individuals who were employed by Defendant, who is an "employer."

15. At all relevant times, Plaintiffs were both "employees" as that term is defined by 820 ILCS 105/3, as they were individuals permitted to work by an employer in an occupation.

16. At all relevant times, Plaintiffs were also "employees" as that term is defined by 820 ILCS 115/2, 820 ILCS 105/3 and Chicago, Illinois Municipal Code § 1-24-010, as they were individuals permitted to work by an employer in an occupation.

## FACTUAL ALLEGATIONS

17. At all times herein mentioned, the putative Class Members, including Plaintiffs, were employees of Defendant in the City of Chicago and State of Illinois, and Defendant was and employer who employed persons in the City of Chicago and the State of Illinois. As such, the putative Class Members, including Plaintiffs, were the type of persons contemplated to be

3

protected by the FLSA, the IMWL, and the CMWO, and said laws were intended to apply to Defendant and to prevent the type of injuries and damages alleged herein.

18. Plaintiffs allege on information and belief that Defendant is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of the FLSA, the IMWL, and the CMWO.

19. During the relevant time period of this action, Defendants employed Plaintiffs, and continue to employ other similarly-situated individuals to work as Security Officers at various work sites throughout the Chicago metropolitan area.

20. During or about August of 2017, both Plaintiffs became employed by, and began working for, Defendant as Security Officers.

21. Each week, an authorized agent and/or employee of Defendant would send a text message to Plaintiffs with each of their work schedules.

22. The amount of time worked by Plaintiffs and other similarly-situated employees of Defendant was recorded by hand through employees signing in and out at their job sites.

23. Plaintiffs and other similarly-situated employees of Defendant were supposed to be paid by Defendant on a bi-weekly basis.

24. However, Plaintiffs and other similarly-situated employees were rarely, if ever, paid on time.

25. Edwards spoke with her supervisors on multiple occasions about the fact that her wages were not being paid as promised.

26. When Edwards first brought this issue to the attention of Defendant, her supervisor, Chris Willis, paid her $60.00.

27. On or about September 2, 2017, Edwards spoke with James Gonzales ("Gonzales"), the Chief Executive Officer and founder of Defendant, about her concern over not being paid.

28. Gonzales then paid Edwards $500.00 to partially compensate Edwards for the back pay Defendant owed her.

29. Shortly thereafter, Gonzales paid Edwards another $300.00 for the same reason.

30. Out of the approximately 146 hours of regular wage hours Edwards worked for Defendant between August and October of 2017, Edwards estimates she was only paid for 86 of those hours.

31. Edwards also worked an average of 50 hours per week from between August and October of 2017. However, she was not compensated for all of her overtime hours at 1 ½ times her normal hourly wage.

32. Leavell estimates she was never paid for 115 hours of work she performed for Defendant.

33. Defendant repeatedly made representations when employees where not paid on scheduled paydays that their paychecks would be ready soon.

34. Plaintiffs allege, on information and belief, that Defendant had a consistent policy or practice of failing to pay Class Members, including Plaintiffs, for all of their time spent working for Defendant.

35. Plaintiffs allege, on information and belief, that Defendants had a consistent policy or practice of failing to pay Class Members, including Plaintiffs, at a rate of 1 ½ times their normal hourly wage for all of their time spent working overtime hours for Defendant.

36. Plaintiffs also allege on information and belief that Defendants had a consistent policy or practice of failing to provide Class Members, including Plaintiffs, with accurate wage statements reflecting the true number of hours they worked.

37. During the time Edwards worked for Defendant between August and October of 2017, Edwards was promised by Defendant that she would be paid a wage of $10.00 per hour.

38. During the time that Leavell worked for Defendant between August and October of 2017 Leavell was promised by Defendant that she would be paid a wage of $12.00 per hour.

39. On information and belief, similarly-situated employers also were promised by Defendant they would be paid between $10.00 and $12.00 per hour.

40. During the time that Plaintiffs worked for Defendant between August and October of 2017, the minimum wage under federal law was $7.25 per hour.

41. During the time that Plaintiffs worked for Defendant between August and October of 2017, the minimum wage in the State of Illinois was $8.25 per hour.

42. During the time that Plaintiffs worked for Defendant between August and October of 2017, the minimum wage in the City of Chicago was $11.00 per hour.

43. Defendant's failure to pay Plaintiffs for all of their time worked caused Plaintiffs' average hourly wage to fall below the applicable minimum wage under federal law at the time in question.

44. Defendant's failure to pay Plaintiffs for all of their time worked caused Plaintiffs' average hourly wage to fall below the applicable minimum wage under Illinois law at the time in question.

45. Defendant's failure to pay Plaintiffs for all of their time worked caused Plaintiffs' average hourly wage to fall below the applicable minimum wage under City of Chicago law at the time in question

46. As a result, Plaintiffs and other similarly-situated employees were frequently not fully compensated for all of their time spent working for Defendant, as required by applicable law.

## **CLASS ALLEGATIONS**

47. Plaintiffs bring claims for violations of the FLSA, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of the following class of persons (the "FLSA class"):

> All current and former employees of Defendant who worked for Defendant within three years prior to the filing of this Complaint, plus applicable tolling periods, who were not compensated at least the federal minimum wage for all hours worked, including at least one and one-half times their normal hourly wage for all for all hours worked over 40 hours during any given workweeks.

48. Plaintiffs also brings claims for violation of the IMWL, individually and on behalf of the following class of persons (the "IMWL class"):

> All current and former employees of Defendant who worked for Defendant within three years prior to the filing of this Complaint, plus applicable tolling periods, who were not compensated at least the Illinois minimum wage for all hours worked, including at least one and one-half times their normal hourly wage for all for all hours worked over 40 hours during any given workweeks.

49. Plaintiffs also brings claims for violation of the CMWO, individually and on behalf of the following class of persons (the "CMWO class"):

> All current and former employees of Defendant who worked for Defendant within three years prior to the filing of this Complaint, plus applicable tolling periods, who were not compensated at least the Chicago minimum wage for all hours worked, including at least

one and one-half times their normal hourly wage for all for all hours worked over 40 hours during any given workweeks.

50. The FLSA claims may be pursued by those who opt-in to the FLSA class, pursuant to 29 U.S.C. §216(b), and who have previously filed consent to join forms in any transferred actions.

51. Plaintiffs, individually and on behalf of other similarly-situated employees seek relief on a collective basis challenging, among other violations, Defendant's practice of failing to accurately pay employees for all hours worked at an average hourly wage that exceeded the minimum wages required under federal, Illinois, and Chicago law. The number and identity of the other Plaintiffs yet to opt in and consent to be party Plaintiffs may be determined from Defendant's records, and potential class members can be easily and quickly be notified of the pendency of this action.

52. The members of the FLSA Class, the IMWL Class, and the CMWO Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the FLSA Class, the IMWL Class, and the CMWO Class are readily ascertainable by review of Defendant's records, including payroll records. Plaintiffs allege on information and belief that there are hundreds of persons who are potentially Class Members.

53. The named Plaintiffs are fully prepared to take all necessary steps to fairly and adequately represent the interests of the FLSA, IMWL, and CMWO Classes defined above, with whom they have a well-defined community of interests and typicality of claims as demonstrated herein. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the FLSA Class, the IMWL Class, the CMWO Class, and the representative Plaintiffs. Plaintiffs' attorneys' firm have prosecuted and settled wage-and-hour class actions in the past and currently

have a number of wage-and-hour class actions pending. Plaintiffs' attorneys are competent and experienced in the litigation of class actions.

54. Plaintiffs allege on information and belief that Defendant uniformly administered corporate policies and practices by which Defendant failed to pay all earned regular and overtime wages. Plaintiffs allege on information and belief that this conduct was accomplished with the advance knowledge of, and designed with the intent of, willfully withholding appropriate wages for work performed by the FLSA, IMWL, and CMWO Class Members.

55. In addition, Plaintiffs allege on information and belief that Defendants uniformly administered a corporate policy, procedure, and practice of not maintaining accurate records, and failing to provide true and accurate wage statements.

56. Plaintiffs allege on information and belief that the corporate conduct alleged herein was accomplished with the advance knowledge of, and designed with the intent of, willfully and intentionally failing to accurately record proper payroll records.

57. There are predominant common questions of law and fact and a community of interest among Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members, concerning issues which include, but are not limited to, the following:

    a. Whether Defendant failed to pay Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members at least the applicable minimum wage for all hours worked;

    b. Whether Defendant failed to pay Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members at least one and one-half times their normal hourly wage for all for all hours worked over 40 hours during any given workweeks;

  c. Whether Plaintiffs and the FLSA Class Members were paid a wage by Defendant that averaged below the required minimum wage under federal law;

  d. Whether Plaintiffs and the IMWL Class Members were paid a wage by Defendant that averaged below the required minimum wage under Illinois law;

  e. Whether Plaintiffs and the CMWO Class Members were paid a wage by Defendant that averaged below the required minimum wage under Chicago city ordinance;

  f. Whether Defendant failed to maintain accurate records of hours worked by Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members; and

  g. Whether any such actions of Defendant were undertaken willfully and/or intentionally.

58. Plaintiffs' claims are typical of the claims of all members of the FLSA Class, the IMWL Class, and the CMWO Class. Plaintiffs are members of the FLSA Class, the IMWL Class, and the CMWO Class, and have suffered harm as a result of Defendant's violations of the FLSA, the IMWL, and the CMWO, as alleged herein.

59. The FLSA, the IMWL, and the CMWO, upon which Plaintiffs base the claims set forth herein contain provisions that are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions in the City of Chicago, the State of Illinois, and nationwide. These laws and labor standards protect the average

working employee from employers who may seek to take advantage of superior economic and bargaining power over their employees.

60. The nature of this action and the format of laws available to Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members identified herein make the Class Action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, Defendant would gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual employee with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees for fear of retaliation by Defendant, and even by former employees, for fear of retaliation within the industry.

61. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against Defendant, which would establish potentially incompatible standards of conduct for Defendant, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of all individual Class Members are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

62. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system

could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

63. Proof of a common business practice or factual pattern which the named Plaintiffs experienced will establish the rights of each of the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members to recovery on the causes of action alleged herein.

64. The FLSA Class Members, IMWL Class Members, and CMWO Class Members are commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. The FLSA Class Members, the IMWL Class Members, and the CMWO Class Members are commonly entitled to restitution of those funds being improperly withheld by Defendant. This action is brought for the benefit of the entire FLSA, IMWL, and CMWO classes and will result in the creation of a common fund.

65. Defendant has engaged in common, unlawful practices, such that injunctive relief pursuant to Fed. R. Civ. P. 23 is further appropriate stop such practices.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

66. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 65 above as if fully reiterated herein.

67. The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages…not less than $7.25 an hour..." 29 U.S.C. § 206(a)(1)(C).

68. Defendant failed to compensate Plaintiffs and the other FLSA Class Members for all hours worked during the course of their employment at an average wage of at least $7.25 per hour.

69. The Fair Labor Standards Act also provides that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

70. Defendant failed to compensate Plaintiffs and the other FLSA Class Members at a rate not less than one and one-half times their regular wage for time worked in excess of forty hours per week during many pay periods during their employment with Defendant.

71. Defendant, by its failure to fully compensate Plaintiffs and the other FLSA Class Members as set forth above, violated the FLSA, including but not limited to, 29 U.S.C. §§ 206 and 207.

72. The FLSA also provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action." 29 U.S.C. § 216(b).

73. The pattern, practice, and uniform administration of unlawful corporate policies regarding employee compensation as alleged herein creates an entitlement to recovery by Plaintiffs

and each FLSA Class Member for damages and wages owed, and for penalties, interest, costs, and attorneys' fees, in amounts to be proven.

74. Plaintiffs and the FLSA Class Members are entitled to damages equal to the mandated minimum regular and overtime pay wages for all hours worked within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard as to whether, its conduct was prohibited by the FLSA.

75. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and the FLSA Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum regular and overtime pay wages, pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did act with good faith and reasonable grounds in failing to pay minimum regular and overtime pay wages, Plaintiffs and the FLSA Class Members are entitled to an award of pre-judgment interest at the applicable legal rate.

## COUNT II
## VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW

76. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 75 above as if fully reiterated herein.

77. The IMWL provides that "on and after July 1, 2010 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $8.25 per hour." 820 ILCS 105/4(a)(1).

78. Defendant failed to compensate Plaintiffs and the other IMWL Class Members for all hours worked during the course of their employment at an average wage of at least $8.25 per hour.

79. The IMWA also provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

80. Defendant failed to compensate Plaintiffs and the other IMWL Class Members at a rate not less than one and one-half times their regular rate for time worked in excess of forty hours per workweek during many pay periods during their employment with Defendant.

81. Defendant, by its failure to fully compensate Plaintiffs and the other IMWL Class Members as set forth above, violated the IMWL, including but not limited to, 820 ILCS 105/4 and 4a.

82. The IMWL provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

83. The pattern, practice and uniform administration of unlawful corporate policies regarding employee compensation as alleged herein creates an entitlement to recovery by Plaintiffs and each IMWL Class Member for damages and wages owed, and for penalties, interest, costs, and attorneys' fees, in amounts to be proven.

## COUNT III
## VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

84. Plaintiffs incorporates all of the allegations and statements made in paragraphs 1 through 83 above as if fully reiterated herein.

85. The CMWO provides that beginning on July 1, 2017, any wages to be paid to employees thereunder shall be no less than the greater of (1) the minimum hourly wage set by the IMWL, (2) the minimum hourly wage set by the FLSA, or (3) $11.00 per hour. Chicago Municipal Code § 1-24-020.

86. The CMWO also provides that any wages to be paid to employees thereunder are subject to the overtime compensation provisions contained in the IMWA. Chicago Municipal Code § 1-24-040.

87. Defendant failed to compensate Plaintiffs and the other CMWO Class Members for all hours worked during the course of their employment at an average wage of at least $11.00 per hour.

88. Defendants also failed to compensate Plaintiffs and the other CMWO Class Members at a rate not less than one and one-half times their regular rate for time worked in excess of forty hours per workweek during many pay periods during their employment with Defendant.

89. Defendant, by its failure to fully compensate Plaintiffs and the other CMWO Class Members as set forth above, violated the CMWO.

90. The CMWO provides that "[i]f any Covered Employee is paid by his Employer less than the Wage to which he is entitled under this chapter, the Covered Employee may recover in a civil action three times the amount of such underpayment together with costs and such reasonable attorney's fees as the court allows." Chicago Municipal Code § 1-24-110.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

b. Determination that this action may further be maintained as a class action under Fed. R. Civ. P. 23;

c. That Plaintiffs be appointed as the representatives of the FLSA Class, the IMWL Class, and the CMWO Class;

d. A declaration that Defendant is financially responsible for notifying all Class Members of its violations of the FLSA, IMWL, and CMWO;

e. Designation of the Law Offices of Todd M. Friedman, P.C. as the attorneys representing the putative collective action and class action Plaintiffs;

f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the IMWL, and the CMWO;

g. An award of damages for all compensation due to Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members under the FLSA, IMWL, and the CMWO, to be paid by Defendant;

h. An award of liquidated damages in an amount equal to all additional compensation due to Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members, pursuant to 29 U.S.C. § 216(b);

i. An award of statutory penalties to Plaintiffs, the FLSA Class Members, the IMWL Class Members, and the CMWO Class Members of two percent

      (2%) per month of all underpayments due to them, pursuant to 820 ILCS 105/12(a);

j. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert witness fees;

k. Pre-judgment and post-judgment interest, as provided by law; and

l. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues relating to the amount of any attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

      RESPECTFULLY SUBMITTED,

      DERLESHER EDWARDS and
      JENNIFER LEAVELL

      By:   /s/ David B. Levin
            Attorney for Plaintiffs
            Illinois Attorney No. 6212141
            Law Offices of Todd M. Friedman, P.C.
            333 Skokie Blvd., Suite 103
            Northbrook, IL 60062
            Phone: (224) 218-0882
            Fax: (866) 633-0228
            dlevin@toddflaw.com